## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **DAVID WILLIAMS**, Individually and Derivatively on Behalf of **AW CONCORDIA HOLDINGS, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **TIMOTHY ALLEN**, <br><br> Defendant, <br><br> and <br><br> **AW CONCORDIA HOLDINGS, LLC**, <br><br> Nominal Defendant. | **Civil Action File No.** _____ |

## COMPLAINT

Plaintiff **DAVID WILLIAMS** ("Williams"), through their undersigned counsel, individually and derivatively on behalf of **AW CONCORDIA HOLDINGS, LLC** ("Concordia"), hereby file their Complaint (the "Complaint") against Defendant **TIMOTHY ALLEN** ("Allen"), and against Nominal Defendant **AW CONCORDIA HOLDINGS, LLC** ("Concordia"), and allege:

### I.    BACKGROUND

1.  Williams brings this action individually and derivatively on behalf of Concordia against Allen to remedy, among other things:

   a)  Allen's misappropriation of Concordia's assets, including unauthorized withdrawals by Allen from Concordia's bank account for the benefit of Allen;

      b)      Allen's mismanagement and waste of one of Concordia's most significant asset, the improved land on which the hotel has been operating in St. John; and,

      c)      Allen's violations of the restrictions imposed by Article 5.04 of the Mortgage and Security Agreement between Concordia and Stone Bank relating to Concordia's most significant asset, the improved land on which the hotel has been operating in St. John (the "Mortgaged Property"), including, but not limited to:

      i)      his improper attempt to expel Williams as a member of Concordia thereby changing management of Concordia without Stone Bank's consent,

      ii)      executing subordinate financing secured by the mortgaged property without Stone Bank's consent, and,

      iii)      incurring additional debt without approval of Stone Bank;

Allen's actions have been inconsistent with the best interests of Concordia, in violation of the covenants of the financing agreements, the obligations imposed by Virgin Islands law and have placed Concordia at financial risk.

2.      Further, Williams brings this action against Allen for breach of his fiduciary duties for (1) improperly removing funds from Concordia for his personal benefit, (2) improperly mismanaging hotel renovation and operations jeopardizing its ability to function and risking default on its debts, and (3) improperly attempting to expel Williams.

## II.    JURISDICTION, VENUE, & AMOUNT IN CONTROVERSY

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

4.      Venue is proper in this district because the Division of St. Thomas and St. John encompasses the real property at issue in this matter.

5. This matter concerns the operations, mismanagement, misappropriation of funds in excess of $160,000.00, demand for contribution by Allen as a member for in excess of $325,000.00 and Allen's violation of restrictions contained in a Mortgage and Security Agreement of Concordia and the operation of a hotel on the real property located at Parcels 20, 32, 33 and 34, No. 15A Coral Bay Quarter, St. John, U.S. Virgin Islands for which there is a first priority mortgage held by Stone Bank in the amount of $4,100,000. Therefore, the issues and concerned property is valued in excess of $75,000.00.

### III.    THE PARTIES

6. Williams is a natural person and an adult domiciled in the State of Georgia.

7. Allen is a natural person and an adult domiciled in the U.S. Virgin Islands.

8. AW Concordia Holdings, LLC is a duly organized Virgin Islands Limited Liability Company and is authorized to conduct business in the Virgin Islands and owns property in the Virgin Islands which is the subject of this suit.

### IV.    FACTS COMMON TO ALL COUNTS

9. Concordia is a Virgin Islands limited liability company. *See* **Exhibit A** - Concordia's Articles of Incorporation. Concordia is to be governed by its Operating Agreement. *See* **Exhibit B** - Concordia Operating Agreement. Concordia owns certain real property located at Parcels 20, 32, 33 and 34, No. 15A Coral Bay Quarter, St. John, U.S. Virgin Islands for which there is a first priority mortgage held by Stone Bank in the amount of $4,100,000. *See* **Exhibit C** - Mortgage and Security Agreement between Concordia and Stone Bank.

10. Williams and Allen each held a 50% voting Membership Interest in Concordia.

11. Although Williams and Allen were to each contribute equal capital contributions, Allen was unable to contribute the full value of his 50% contribution. Consequently, Williams

3

contributed not only his 50% contribution but also the balance of Allen's share to make up for his shortfall. Allen has failed to provide the full amount of his 50% contribution and thus, owes same to Concordia.

12. The Operating Agreement requires "[A] quorum of any meeting of the Members shall require the presence, whether in person or by proxy, of the Members holding at least a *majority* of the Membership Interests entitled to vote." *See* Exhibit B – Operating Agreement at §2.05(f) (emphasis added). Further, "[S]ubject to Section 2.06, no action may be taken by the Members unless the appropriate quorum is present at a meeting." *Id.*

13. As Williams and Allen each hold a 50% Membership interest, a quorum with a *majority* of the Membership Interests can only be established if they are both present for a meeting.

14. Further, Section 2.07 only allows actions to be taken without a meeting so long as written consent is provided by a majority of the Membership Interests. As Williams and Allen each hold a 50% Membership interest, actions sought to be taken by one member without a meeting would still require written consent from the other.

15. As described in a November 28, 2022 letter sent by Attorney Michael Sheesley, who, at the time represented Allen, Allen attempted to expel Williams by operation of Section 2.04(b) of the Operating Agreement.

16. Section 2.04(b) of the Operating Agreement provides, "[A] Member may be expelled from the Company upon the unanimous vote of the other Members (excluding the Member to be expelled) if such Member (i) materially breaches this Agreement or (ii) commits theft, fraud, or gross negligence against the Company or any other Member…" *See* Exhibit B – Operating Agreement at §2.04(b).

4

17. The attempted expulsion was defective because: a) no quorum could have been established, b) there was no written consent of the majority of the Membership Interests, c) there could be no "unanimous vote" when there is only a single voting member, and d) there had been no material breach of the Operating Agreement, nor any "theft, fraud, or gross negligence against the Company" by Williams.

18. To the contrary, Williams sought to protect Concordia from further fraud and embezzlement by Allen.

19. The financial transactions in Concordia's Truist bank account between April 2022 and December 2022 reveal at least, four (4) transactions totaling $161,422.48, dated June 14, July 18, August 21 and October 21, where Allen wired Concordia funds to pay his personal American Express card.

20. Allen confirmed to Williams that he had used these funds to pay his personal credit card in a meeting with Williams upon being confronted.

21. These records reveal that Allen engaged in breaches of his fiduciary duties and misappropriation of business funds for his personal use.

22. After becoming aware of Allen's theft and embezzlement, Williams also learned that Allen had been failing to meet Concordia's obligation with its vendors.

23. In order to safeguard Concordia's continued operations from both its creditors and Allen's embezzlement, Williams transferred $240,000 in Concordia funds for safeguarding, pending another discussion with Allen about his stewardship. Williams paid certain debts of Concordia from the funds safeguarded.

24. In response, Allen attempted to expel Williams.

25. The attempted expulsion is void for several reasons. It is void under the terms of the Operating Agreement due to lack of quorum, lack of majority vote and overall defective corporate procedure.

26. The attempted expulsion is also void as it violates the restrictions imposed by Article 5.04 of the Mortgage and Security Agreement between Concordia and Stone Bank. Article 5.04 provides:

> 5.04 Restriction on Sale and/or Transfer.
>
> …Mortgagor shall not without Mortgagee's prior written consent:
> …
>
> (b) *Execute any subordinate financing* to be secured by all or any portion of the Mortgaged Property, or any beneficial interest in the Mortgaged Property, which consent shall be in Mortgagee's sole and absolute discretion.
> …
>
> (d) *Borrow or incur any other debt without the prior written consent* of the Mortgagee, which consent shall be in Mortgagee's sole and absolute discretion.
>
> (e) Sell or convey any of its stock or assets, except in the normal and ordinary course of business, and shall not engage in any merger, consolidation, or reorganization, and *there shall be no change in the ownership or management of Mortgagor unless consented to in writing by Mortgagee.*
>
> (f) Without obtaining Mortgagee's prior written consent in each case, *Borrower, each Guarantor*, and all other Borrower's principals, if any, *shall be prohibited from granting, transferring, pledging, conveying*, merging, consolidating, and/or assigning (i) *the Mortgaged Property*, (ii) *any legal or equitable interest* in Borrower and/or *the Mortgaged Property*; and/or (iii) *any lien on the Mortgaged Property* or any ownership interest in Borrower.
> …
>
> *Any transfer or transfers of the interest* of the stockholders of the corporate borrower *which would have the effect of transferring voting control therefrom from controlling stockholders at the time of the execution of the Mortgage* (except as transfer by reason of death or incompetency of a stockholder) *shall be deemed*

> *to be a prohibited transfer* by the corporate borrower unless the written consent of the Mortgagee thereto is first obtained.

*See* Exhibit C – Mortgage and Security Agreement (emphasis added).

27. Allen's attempt to expel Williams violates Article 5.04 (e) which prohibits any change in the ownership or management of the borrowers (Concordia), without prior written consent from Stone Bank.

28. Allen's attempt to expel Williams also violates Article 5.04's provision prohibiting "any transfer or transfers of the interest of the… corporate borrower which would have the effect of transferring voting control therefrom from controlling [members] at the time of the execution of the Mortgage…"

29. In addition, on or about February 17, 2023, Allen executed another Mortgage and Security Agreement on behalf of Concordia in favor of Lisa L. Halbower-Fenton in the amount of $100,000 on the same real property, which is the subject of the Mortgage and Security Agreement given to Stone Bank. *See* **Exhibit D** – Mortgage and Security Agreement dated February 24, 2023 – Fenton.

30. Such actions by Allen violate the restrictions of Article 5.04(b),(d) and (f) of the Stone Bank Mortgage prohibiting execution of any subordinate financing, borrowing or incurring any other debt without prior written consent of Stone Bank, or pledging the Mortgaged property.

31. Further, Allen has admitted his improper use and misappropriation of Concordia funds for his personal benefit.

32. All conditions precedent to bringing this action have been satisfied, performed, discharged, excused and/or waived.

## V. CAUSES OF ACTION

### COUNT I – CONVERSION
### (Against Allen)

33. Paragraphs 1 through 32 are incorporated as if fully set forth herein.

34. Allen wrongfully, and without the knowledge, consent or authorization of Williams, misappropriated funds belonging to Concordia for his own use and/or benefit.

35. Allen has admitted that he used Concordia funds for his on personal use and benefit.

36. Accordingly, Allen is liable for conversion.

37. Further, Allen is liable for unlawful distributions pursuant to tit. 13, V.I.C. § 1407, which provides:

> Liability for unlawful Distributions:
>
> (a) A member of a member-managed company or a member or manager of a manager-managed company who votes for or assents to a distribution made in violation of section 1406 of this chapter, the articles of organization, or the operating agreement is personally liable to the company for the amount of the distribution which exceeds the amount that could have been distributed without violating section 1406 of this chapter, the articles of organization, or the operating agreement if it is established that the member or manager did not perform the member's or manager's duties in compliance with section 1409 of this chapter.

38. Allen is personally liable for the return of all funds he withdrew for his personal benefit as such funds constitute an unlawful distribution and conversion.

### COUNT II – BREACH OF FIDUCIARY DUTIES
### (Against Allen)

39. Paragraphs 1 through 38 are incorporated and as if fully set forth herein.

8

40. As a Member Manager of Concordia, Allen owes Concordia and each member the utmost fiduciary duties of due care, good faith, candor and loyalty.

41. Further, Allen is required to use his utmost ability to control and manage Concordia in a fair, just, honest and equitable manner; to act in furtherance of the best interests of Concordia so as to benefit all owners equally and not in furtherance of his own personal interests or benefit to the exclusion of the remaining owners; and to exercise good faith and diligence in the administration of the affairs of Concordia and in the use and preservation of its property and assets.

42. By virtue of the foregoing duties, Allen was required to, among other things:

   i. exercise good faith in ensuring that the affairs of Concordia were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business in accordance with applicable laws;

   ii. refrain from wasting Concordia's assets; specifically, refrain from conveying any interest in any of Concordia's assets without maximizing the return on such assets.

   iii. refrain from unduly benefiting himself at the expense of Concordia and its other owners;

   iv. refrain from self-dealing;

   v. exercise the highest obligations of fair dealing; and

   vi. properly disclose to Concordia's owners and Member Managers all material information regarding the company.

43. However, by virtue of his exercise of control over the business and corporate affairs of Concordia, Allen has, and at all relevant times had, the power to control and influence – and did control and influence –Concordia to engage in the wrongdoings alleged herein.

44. Specifically, as alleged in detail herein, Allen breached his fiduciary duties by:

   a    Removing funds from Concordia for his personal use and benefit.

      b.      Mismanaging operations of Concordia and failing to timely pay vendors.

      c.      Withholding information from Williams as to the business operations and misleading Williams as to the funds that Allen was withdrawing from Concordia.

      d.      Concealing from Williams material information related to the theft of funds and otherwise knowingly failing to adhere to Concordia's corporate formalities, policies and procedures, including timely payment of vendors and creditors.

45.      As a direct and proximate result of the foregoing breaches, Concordia has sustained damages including, but not limited to, the loss of market value of the premises, lost revenue due to lost bookings for failure to pay booking and reservation services, damage to credit as a result of failing to pay creditors and jeopardizing Concordia's assets and the loss of the funds unlawfully obtained from Concordia's account, and the loss of other corporate opportunities.

46.      Pursuant to V.I. Code Ann. tit. 13, § 341(2), Allen should be ordered to pay Concordia all sums of money and all the value of any property which he may have acquired to himself, or transferred to others, or may have lost or wasted by any violation of his duties or abuse of his powers.

### COUNT III – WASTE OF CORPORATE ASSETS/USURPATION OF CORPORATE OPPORTUNITY
### (Against Allen)

47.      Paragraphs 1 through 46 are incorporated as if fully set forth herein.

48.      Allen, an owner and Member Manager of Concordia, knowingly withdrew at least, in excess of $161,422.48 of Concordia's funds, which withdrawal constituted an exchange of corporate assets under circumstances which no business person of ordinary, sound judgment could conclude that Concordia received adequate consideration.

49. Allen, as an owner and Member Manager of Concordia, knowingly engaged in self-dealing by removing funds for his personal use while failing to pay booking and reservation vendors that improperly benefitted Allen at the expense of Concordia.

50. That removal of funds for personal use and failure to pay Concordia debts directly relating to revenue generation constituted a waste of corporate assets and usurpation of corporate opportunity, which no business person of ordinary, sound judgment could conclude was in the best interests of Concordia.

51. As a direct proximate result of the foregoing waste of corporate assets and usurpation of corporate opportunity, Concordia has sustained damages including, but not limited to, loss of the market value of the premises, lost revenue due to lost bookings for failure to pay booking and reservation services, damage to credit as a result of failing to pay creditors and jeopardizing Concordia's assets and the loss of the funds unlawfully obtained from Concordia's account, and the loss of other corporate opportunities.

## COUNT IV – UNJUST ENRICHMENT
### (Against Allen)

52. Paragraphs 1 through 51 are incorporated as if fully set forth herein.

53. Allen was unjustly enriched by their receipt, benefit, use, enjoyment and/or retention of Concordia's assets.

54. It would be unconscionable to allow Allen to retain the benefits of Concordia's assets.

55. Allen shall be responsible to reimbursing Concordia for all funds removed by him for his personal use.

## COUNT IV – MEMBER CONTRIBUTION
### (Against Allen)

56. Paragraphs 1 through 55 are incorporated as if fully set forth herein.

57. Pursuant to 13 V.I.C. § 1402, members of a limited liability company are obligated to contribute money equal to the value of that portion of the contribution which has not been made:

> (a) A member's obligation to contribute money, property, or other benefit to, or to perform services for, a limited liability company is not excused by the member's death, disability, or other inability to perform personally. If a member does not make the required contribution of property or services, the member is obligated at the option of the company to contribute money equal to the value of that portion of the stated contribution which has not been made.

58. Allen failed to make his contribution of $325,000 and thus, is required to make same.

## COUNT VI – ACCOUNTING
### (Against All Defendants)

59. Paragraphs 1 through 58 are incorporated as if fully set forth herein.

60. As alleged in detail herein, Allen unlawfully benefitted from and/or misappropriated Concordia's funds and assets.

61. Further, at all times relevant, Allen was an owner and Member Manager of Concordia, owed to Concordia a fiduciary duty to account to the company and its owners in a timely and accurate manner.

62. At all times relevant, Allen held the exclusive possession and/or control over documentation that would establish the funds and assets unlawfully taken from Concordia.

63. Absent such documentation, Concordia is without the means to determine, among other things, if funds or assets are owed to it and, if so, how much; and if its misappropriated funds and assets were used to purchase any real or personal property, in which case it has an ownership interest in such property.

64. Concordia is without a sufficient remedy at law to ascertain its losses and/or interests in the misappropriated funds and assets as set forth herein.

65. Accordingly, a full accounting is warranted under the common law and pursuant to the provisions of V.I. Code Ann. tit. 13, § 341(1).

## COUNT VII – INJUNCTION
### (Against Allen)

66. Paragraphs 1 through 65 are incorporated as if fully set forth herein.

67. Pursuant to V.I. Code Ann. tit. 13, § 341(3), Allen should be enjoined from further actions which operate to harm Concordia and are in breach of his fiduciary duties and the obligations of Concordia to its creditor Stone Bank by virtue of the limitations imposed by its Mortgage and Security Agreement.

68. Any attempted actions or resolutions of Concordia exercised by Allen based on his invalid vote, including but not limited to the attempted expulsion of Williams, should be declared null and void.

69. Pursuant to V.I. Code Ann. tit. 13, § 341(6), Allen should be restrained from alienating any of Concordia's property or otherwise further encumbering same in violation of the Mortgage and Security Agreement of Stone Bank.

## VIII. RELIEF REQUESTED

**WHEREFORE**, Williams prays for a Final Judgment against Defendant Allen, as follows:

A. Determining that Williams may maintain this action on behalf of Concordia and that he is an adequate representative of Concordia;

B. Determining that this action is, in part, a proper derivative action that is maintainable under law and in which a pre-suit demand was excused;

C. Awarding to Concordia the actual and compensatory damages that it sustained as a result of the causes of action set forth herein, which damages will be determined at trial;

D. Ordering Allen to make the requisite contribution owed to Concordia;

E. Awarding to Concordia punitive damages justified by the acts set forth herein, including, but not limited, to the misappropriation of at least $161,422.48, which damages will be determined at trial;

F. Declaring that Allen engaged in an unlawful misappropriation of funds;

G. Ordering the disgorgement from Allen to Concordia of all funds and assets that were unlawfully misappropriated from Concordia's possession;

H. Enjoining, preliminarily and permanently, Allen's benefit, use or enjoyment of Concordia's misappropriated funds;

I. Awarding a full accounting of all monies, funds and assets that Allen received from Concordia;

J. Awarding to Concordia the costs and disbursements of this action including, but not limited to, reasonable attorneys' fees, accountants' and experts' fees, costs and expenses;

K. Awarding pre- and post-judgment interest on any monetary award at the highest rates allowed by law;

  L. Compelling Allen to account for his official conduct in the management and disposition of the funds, property and business committed to his charge, pursuant to V.I. Code Ann. tit. 13, §341(1);

  M. Ordering and compelling Allen to pay to Concordia all sums of money and all the value of any property which he may have acquired to himself, or transferred to himself or others or may have lost or wasted by any violation of their duties or abuse of his powers, pursuant to V.I. Code Ann. tit. 13, §341(2);

  N. Enjoining Allen from any actions in violation of his fiduciary duties to Concordia or which violate the restrictions imposed by the Mortgage and Security Agreement to Stone Bank;

  O. Entering Judgment declaring void any attempted resolution or action to expel Williams, on the grounds that by virtue of Allen's misappropriation of funds, his vote was not properly cast or counted because there was not a quorum and no majority of the voting membership and such actions would be in violation of the restrictions imposed by the Mortgage and Security Agreement to Stone Bank;

  P. Restraining Allen from alienating any of Concordia's real and personal property, pursuant to V.I. Code Ann. tit. 13, § 341(6); and

  Q. Awarding such further equitable and monetary relief as the Court deems just and appropriate.

Respectfully submitted,

**DUDLEY NEWMAN FEUERZEIG LLP**

**DATED:** August 8, 2023

By: /s/ Charlotte K. Perrell
**CHARLOTTE K. PERRELL** (V.I. Bar No. 1281)
Law House – 1000 Frederiksberg Gade
St. Thomas, VI 00802-6736
P.O. Box 756
St. Thomas, VI  00804-0756
Telephone:    (340) 774-4422
E-Mail:         cperrell@DNFvi.com

Attorneys for Plaintiff, **David Williams, individually and derivatively on behalf of AW Concordia, LLC**

R:\DOCS\7841\1\PLDG\33Z0023.DOCX

16